

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| ALICE BROWN,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA; DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES CHILD AND FAMILY SERVICES DIVISION; SHAWN WILLS,<br><br>        DefendantS. | No. CV 05-73-GF-SEH<br><br>**ORDER** |

## BACKGROUND

On October 31, 2006, Defendants filed a Motion for Summary Judgement. United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation[1] on April 14, 2006. Plaintiff filed objections on May 1, 2006. On that same day, Plaintiff filed a Motion to Vacate Findings and Recommendation of U.S. Magistrate Judge and a Motion to Vacate Order. The Court reviews *de novo* findings and recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

---

[1] Docket No. 12.

## DISCUSSION

Judge Ostby found that the Eleventh Amendment bars Plaintiff from proceeding in federal court with claims for money damages against Defendants State of Montana, the Department of Public Health and Human Services, the Child and Family Services Division, and Shawn Wills in her official capacity. Judge Ostby also found that Defendant Shawn Wills is not entitled to qualified immunity. Judge Ostby recommended that Defendants' Motion for Summary Judgment be granted as to Plaintiff's claims for money damages against Defendants State of Montana, the Department of Public Health and Human Services, the Child and family Services Division, and Shawn Wills in her official capacity, but denied as to Shawn Wills in her individual capacity.

Plaintiff objects to Judge Ostby's Findings and Recommendation because "[she] did not and [does] not consent to the Magistrate Judge's exercise of jurisdiction over this case." Plaintiff's Objection at 1 (May 1, 2006). Plaintiff attached a copy of her Consent to the Exercise of Jurisdiction by a United States Magistrate Judge form to her motion, which indicates that Plaintiff did not consent to full jurisdiction by Judge Ostby. Plaintiff also moves the Court to "vacate" Judge Osby's Findings and Recommendation based upon the same argument set forth in her objections.

Section 636(b)(1)(B) of Title 28 of the United States Code provides, in relevant part:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

However, Section 636(b)(1)(C) of Title 28 of the United States Code provides, in relevant part:

> [A] judge may . . . designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A).

Here, the Court, on April 26, 2006, in the absence of written consent by Plaintiff to full jurisdiction by the United States Magistrate Judge, reassigned the case to this Court and subsequently referred it to Judge Ostby as authorized by 28 U.S.C. § 636. The Court finds that Plaintiff's objection is without merit and her motion to vacate should be DENIED. See also L.R. 73.1(b) ("Any active Article III judge may designate a United States Magistrate Judge to exercise jurisdiction over any other civil case in accordance with 28 U.S.C. § 636 and Chapter IV of these Rules."). Accordingly, after *de novo* review of the record, I adopt in full the Findings and Recommendation of Judge Ostby.

Plaintiff also moves the Court to vacate the scheduling order entered by Judge Ostby on April 11, 2006, based upon her objection to full jurisdiction by Judge Ostby. However, for the reasons set forth above, Plaintiff's Motion to Vacate should also be denied.

ORDERED:

Plaintiff's Motion for Summary Judgement[2] is GRANTED in part and DENIED in part as follows:

1. Defendants State of Montana, the Department of Public Health and Human Services, and the Child and family Services Division are DISMISSED with prejudice.

2. Shawn Wills, in her official capacity, is DISMISSED with prejudice.

---

[2]Docket No. 7.

FURTHER ORDERED:

1. Plaintiff's Motion to Vacate Findings and Recommendations of U.S. Magistrate Judge[3] is DENIED.

2. Plaintiff's Motion to Vacate Order[4] is DENIED.

DATED this 12TH day of June, 2006.

SAM E. HADDON
United States District Judge

---

[3]Docket No. 26.

[4]Docket No. 25.